UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:

RICHELLE POWER and MICHELLE REMILLARD,

            Plaintiffs

v.

GOLDEN HAWK OF MA, LLC, MCDONALD'S RESTAURANT and GRAMEN WILSON,

            Defendants

## COMPLAINT AND JURY DEMAND

### Parties

1. The Plaintiff, Richelle Power (hereinafter referred to as the "Plaintiff Power" or collectively as "Plaintiffs"), is a natural person with a residential address of 197 Tinkham Road, Springfield, Hampden County, Massachusetts.

2. The Plaintiff, Michelle Remillard (hereinafter referred to as the "Plaintiff Remillard" or collectively as "Plaintiffs"), is a natural person with a residential address of 33A Pulaski Street, Ware, Hampshire County, Massachusetts.

3. The Defendant, GOLDEN HAWK OF MA, LLC, is a corporation that operates a business at 809 Boston Road, Springfield, Hampden County, Massachusetts and the Defendant, McDonald's Restaurant (hereinafter referred to as the "Defendant McDonald's" or collectively as "Defendants") is a corporation that operates a business at 117 West Street, Ware, Hampshire County, Massachusetts.

4. The Defendant, Gramen Wilson (hereinafter referred to as "Defendant Wilson" or collectively as "Defendants"), is a natural person with a last known business address of 117 West Street, Ware, Hampshire County, Massachusetts.

### Facts

5. The Plaintiff Power began her employment with the Defendant McDonald's in or about February, 2008. The Plaintiff was last employed with the Defendants as a Store Manager.

6. The Plaintiff Remillard began her employment with the Defendant McDonald's in or about 2005. The Plaintiff was last employed with the Defendant as a Store Manager.

7. The Plaintiffs performed their job responsibilities well throughout the course of their employment.

8. On numerous occasions throughout the course of the Plaintiffs' employment, the Plaintiffs were harassed and subjected to a hostile environment by their District Manager, the Defendant Wilson.

9. The acts of harassment by the Defendant Wilson included but were not limited to numerous acts of sexually offensive comments.

10. On several occasions, the Defendant Wilson would make comments to the Plaintiffs' female co-workers such as calling them "pussy," or tell them that they "smelled like fish," referring to their vaginas, that they "look like shit," and/or that he was "going to make [them] his wife." There are other examples of the sexually offensive comments as well.

11. On numerous occasions, the Defendant Wilson would make comments to the Plaintiff Remillard such as "I want you."

12. On numerous occasions, the Defendant Wilson stalked the Plaintiff Power via text messages.

13. On numerous occasions, the Defendant Wilson would also make derogatory comments toward handicapped individuals and individuals of gay and/or lesbian sexual orientation.

14. There are other examples of the sexually hostile and offensive work environment as well.

15. The hostile work environment reached such an offensive level that the Plaintiff Remillard could no longer tolerate the hostile work environment created by the Defendant Wilson and the Defendants McDonald's and Golden Hawk's condoning of said environment. On or about September 2, 2011, the Plaintiff Power was forced to leave her employment with the Defendant McDonald's and was constructively discharged.

16. The hostile work environment reached such an offensive level that the Plaintiff Remillard could no longer tolerate the hostile work environment created by the Defendant Wilson and the Defendants McDonald's and Golden Hawk's condoning of said environment. On or about June 28, 2011, the Plaintiff Remillard was forced to leave her employment with the Defendant McDonald's and was constructively discharged.

<u>**Count I**</u>
**(Title VII- Sexual Harassment)**
**(Plaintiff Power v. Defendant McDonald's)**

17. The Plaintiff Power incorporates herein the previous allegations set forth in this Complaint.

18. The Plaintiff Power was treated differently as to the terms and conditions of her employment based upon the sexual harassment of her by the Defendant Wilson an employee of the Defendant McDonald's.

19. The Plaintiff Power was constructively discharged from her employment, at least in

3

part, based upon her reporting of and/or resisting of said harassment, sexual harassment and the hostile environment created by same.

20. This environment and the conditions imposed upon the Plaintiff Power related to and adversely affected the terms and conditions of her employment. The Plaintiff Power suffered a hostile work environment.

21. The Plaintiff Power was severely and adversely affected by the Defendants' conduct and the failure of the Defendants to take reasonable steps to ensure that this discriminatory conduct, harassment and sexual harassment would not continue.

WHEREFORE, the Plaintiff, Richelle Power, respectfully requests judgment against the Defendant, GOLDEN HAWK OF MA, LLC and McDonald's Restaurant, and for all damages available pursuant to Title VII of the Civil Rights Act of 1964, as amended (herein "Title VII").

## Count II
### (Title VII –Retaliation)
### (Plaintiff Power v. Defendant McDonald's)

22. The Plaintiff Power incorporates herein the previous allegations set forth in this Complaint.

23. The Plaintiff Power was treated differently as to the terms and conditions of her employment based upon her reporting and resisting of harassment and sexual harassment and the hostile environment created by same. The Plaintiff Power was continuously harassed despite her complaints to management.

24. The Plaintiff Power believes that she was retaliated against and constructively discharged from her employment, at least in part, based upon her reporting of and/or resisting said harassment.

25. This environment and the conditions imposed upon the Plaintiff Power related to and

4

adversely affected the terms and conditions of her employment.

26. The Plaintiff Power was severely and adversely affected by the Defendants' conduct and the failure of the Defendants to take reasonable steps to ensure that this discriminatory conduct, retaliation and harassment would not continue.

WHEREFORE, the Plaintiff, Richelle Power, respectfully requests judgment against the Defendant, GOLDEN HAWK OF MA, LLC and McDonald's Restaurant, and for all damages available pursuant to Title VII.

### Count III
### (M.G.L. c. 151B - Sexual Harassment)
### (Plaintiff Power v. McDonald's)

27. The Plaintiff Power incorporates herein the previous allegations set forth in this Complaint.

28. The Plaintiff Power was treated differently as to the terms and conditions of her employment based upon the harassment, sexual harassment, and the Defendants' condoning of said harassment, of the Plaintiff Power by the Defendants.

29. This environment and the conditions imposed upon the Plaintiff Power related to and adversely affected the terms and conditions of her employment.

30. The Plaintiff Power was severely and adversely affected by the Defendants' conduct and the failure of the Defendants to take reasonable steps to ensure that this discriminatory conduct harassment, and sexual harassment would not continue.

WHEREFORE, the Plaintiff, Richelle Power, respectfully requests judgment against the Defendant, GOLDEN HAWK OF MA, LLC and McDonald's Restaurant, and for all damages available pursuant to M.G.L. c. 151B.

### Count IV
### (M.G.L. c. 151B – Retaliation)
### (Plaintiff Power v. Defendant McDonald's)

31. The Plaintiff Power incorporates herein the previous allegations set forth in this Complaint.

32. The Plaintiff Power was treated differently as to the terms and conditions of her employment based upon her reporting of sexual harassment and discrimination.

33. This environment and the conditions imposed upon the Plaintiff Power related to and adversely affected the terms and conditions of her employment.

34. The Plaintiff Power was severely and adversely affected by the Defendants' conduct and the failure of Defendants to take reasonable steps to ensure that this discriminatory conduct, harassment and sexual harassment would not continue.

WHEREFORE, the Plaintiff, Richelle Power, respectfully requests judgment against the Defendant, GOLDEN HAWK OF MA, LLC and McDonald's Restaurant, and for all damages available pursuant to M.G.L. c. 151B.

### Count V
### (M.G.L. c. 151B – Sexual Harassment)
### (Plaintiff Power v. Defendant Wilson)

35. The Plaintiff Power incorporates herein the previous allegations set forth in this Complaint.

36. The Plaintiff Power was treated differently as to the terms and conditions of her employment based upon the sexual harassment of the Plaintiff Power by the Defendants.

37. This environment and the conditions imposed upon the Plaintiff Power related to and adversely affected the terms and conditions of her employment.

38. The Plaintiff Power was severely and adversely affected by the Defendants' conduct and the failure of the Defendants to take reasonable steps to ensure that this discriminatory conduct and sexual harassment would not continue.

WHEREFORE, the Plaintiff, Richelle Power, respectfully requests judgment against the Defendant, Gramen Wilson, and for all damages available pursuant to M.G.L. c. 151B.

### Count VI
### (M.G.L. c. 151B – Retaliation)
### (Plaintiff Power v. Defendant Wilson)

39. The Plaintiff Power incorporates herein the previous allegations set forth in this Complaint.

40. The Plaintiff Power was treated differently as to the terms and conditions of her employment based upon her resisting harassment, sexual harassment and discrimination.

41. This environment and the conditions imposed upon the Plaintiff Power related to and adversely affected the terms and conditions of her employment.

42. The Plaintiff Power was severely and adversely affected by the Defendants' conduct and the failure of the Defendants to take reasonable steps to ensure that this discriminatory conduct and sexual harassment would not continue.

WHEREFORE, the Plaintiff, Richelle Power, respectfully requests judgment against the Defendant, Gramen Wilson, and for all damages available pursuant to M.G.L. c. 151B.

### Count VII
### (Title VII- Sexual Harassment)
### (Plaintiff Remillard v. Defendant McDonald's)

43. The Plaintiff Remillard incorporates herein the previous allegations set forth in this Complaint.

44. The Plaintiff Remillard was treated differently as to the terms and conditions of her

employment based upon the sexual harassment of her by the Defendant Wilson an employee of the Defendant McDonald's.

45. The Plaintiff Remillard was constructively discharged from her employment, at least in part, based upon her reporting of and/or resisting of said harassment, sexual harassment and the hostile environment created by same.

46. This environment and the conditions imposed upon the Plaintiff Remillard related to and adversely affected the terms and conditions of her employment. The Plaintiff Remillard suffered a hostile work environment.

47. The Plaintiff Remillard was severely and adversely affected by the Defendants' conduct and the failure of the Defendants to take reasonable steps to ensure that this discriminatory
conduct, harassment and sexual harassment would not continue.

WHEREFORE, the Plaintiff, Michelle Remillard, respectfully requests judgment against the Defendant, GOLDEN HAWK OF MA, LLC and McDonald's Restaurant, and for all damages available pursuant to Title VII of the Civil Rights Act of 1964, as amended (herein "Title VII").

### Count VIII
### (Title VII –Retaliation)
### (Plaintiff Remillard v. Defendant McDonald's)

48. The Plaintiff Remillard incorporates herein the previous allegations set forth in this Complaint.

49. The Plaintiff Remillard was treated differently as to the terms and conditions of her

employment based upon her reporting and resisting of harassment and sexual harassment and the hostile environment created by same. The Plaintiff Remillard was continuously harassed despite her complaints to management.

50. The Plaintiff Remillard believes that she was retaliated against and constructively discharged from her employment, at least in part, based upon her reporting of and/or resisting said harassment.

51. This environment and the conditions imposed upon the Plaintiff Remillard related to and adversely affected the terms and conditions of her employment.

52. The Plaintiff Remillard was severely and adversely affected by the Defendants' conduct and the failure of the Defendants to take reasonable steps to ensure that this discriminatory conduct, retaliation and harassment would not continue.

WHEREFORE, the Plaintiff, Michelle Remillard, respectfully requests judgment against the Defendant, GOLDEN HAWK OF MA, LLC and McDonald's Restaurant, and for all damages available pursuant to Title VII.

### Count IX
### (M.G.L. c. 151B - Sexual Harassment)
### (Plaintiff Remillard v. McDonald's)

53. The Plaintiff Remillard incorporates herein the previous allegations set forth in this Complaint.

54. The Plaintiff Remillard was treated differently as to the terms and conditions of her employment based upon the harassment, sexual harassment, and the Defendants' condoning of said harassment, of the Plaintiff Remillard by the Defendants.

55. This environment and the conditions imposed upon the Plaintiff Remillard related to and adversely affected the terms and conditions of her employment.

56. The Plaintiff Remillard was severely and adversely affected by the Defendants' conduct and the failure of the Defendants to take reasonable steps to ensure that this discriminatory conduct harassment, and sexual harassment would not continue.

WHEREFORE, the Plaintiff, Michelle Remillard, respectfully requests judgment against the Defendant, GOLDEN HAWK OF MA, LLC and McDonald's Restaurant, and for all damages available pursuant to M.G.L. c. 151B.

## Count X
### (M.G.L. c. 151B – Retaliation)
### (Plaintiff Remillard v. Defendant McDonald's)

57. The Plaintiff Remillard incorporates herein the previous allegations set forth in this Complaint.

58. The Plaintiff Remillard was treated differently as to the terms and conditions of her employment based upon her reporting of sexual harassment and discrimination.

59. This environment and the conditions imposed upon the Plaintiff Remillard related to and adversely affected the terms and conditions of her employment.

60. The Plaintiff Remillard was severely and adversely affected by the Defendants' conduct and the failure of Defendants to take reasonable steps to ensure that this discriminatory conduct, harassment and sexual harassment would not continue.

WHEREFORE, the Plaintiff, Michelle Remillard, respectfully requests judgment against the Defendant, GOLDEN HAWK OF MA, LLC and McDonald's Restaurant, and for all damages available pursuant to M.G.L. c. 151B.

## Count XI
### (M.G.L. c. 151B – Sexual Harassment)
### (Plaintiff Remillard v. Defendant Wilson)

61. The Plaintiff Remillard incorporates herein the previous allegations set forth in this Complaint.

62. The Plaintiff Remillard was treated differently as to the terms and conditions of her employment based upon the sexual harassment of the Plaintiff Remillard by the Defendants.

63. This environment and the conditions imposed upon the Plaintiff Remillard related to and adversely affected the terms and conditions of her employment.

64. The Plaintiff Remillard was severely and adversely affected by the Defendants' conduct and the failure of the Defendants to take reasonable steps to ensure that this discriminatory conduct and sexual harassment would not continue.

WHEREFORE, the Plaintiff, Michelle Remillard, respectfully requests judgment against the Defendant, Gramen Wilson, and for all damages available pursuant to M.G.L. c. 151B.

## Count XII
### (M.G.L. c. 151B – Retaliation)
### (Plaintiff Remillard v. Defendant Wilson)

65. The Plaintiff Remillard incorporates herein the previous allegations set forth in this Complaint.

66. The Plaintiff Remillard was treated differently as to the terms and conditions of her employment based upon her resisting harassment, sexual harassment and discrimination.

67. This environment and the conditions imposed upon the Plaintiff Remillard related to and adversely affected the terms and conditions of her employment.

11

68. The Plaintiff Remillard was severely and adversely affected by the Defendants' conduct and the failure of the Defendants to take reasonable steps to ensure that this discriminatory conduct and sexual harassment would not continue.

WHEREFORE, the Plaintiff, Michelle Remillard, respectfully requests judgment against the Defendant, Gramen Wilson, and for all damages available pursuant to M.G.L. c. 151B.

**THE PLAINTIFFS DEMAND A JURY TRIAL AGAINST THE DEFENDANTS ON ALL COUNTS SO TRIABLE PURSUANT TO RULE 38 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND THE RULES OF CIVIL PROCEDURE OTHERWISE.**

Respectfully submitted,

The Plaintiffs
RICHELLE POWER and
MICHELLE REMILLARD
By Their Attorney

/s/ Michael O. Shea
MICHAEL O. SHEA, ESQ.
BBO No.: 555474
Law Office of Michael O. Shea, P.C.
3 Crane Park Drive, Suite 7
Wilbraham, MA 01095
Telephone: (413) 596-8005
Facsimile: (413) 596-8095

Dated:  May 8, 2012